**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DIANNE ROBERTA ADENIJI,

        Plaintiff,

vs.                                            Case No. 3:14-cv-252-J-34MCR

FLORIDA STATE COLLEGE,

        Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Florida State College's Motion to Dismiss Plaintiff's Complaint (Dkt. No. 4; Motion) filed on March 10, 2014. In response to the Motion, Adeniji filed a document titled "Motion New Case 2014 Continued Discrimination Case Should Not be Dismissed" (Dkt. No. 11; Response), which the Court construes to be her response to the Motion. Thus, this matter is ripe for review.

### I.    Factual Background

On February 7, 2014, Adeniji filed her Cause of Action (Dkt. No. 2; Complaint) in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida. In the Complaint, Adeniji alleges that Florida State College violated the Florida Civil Rights Act, Florida Statutes section 760.07, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, and 42 U.S.C. § 1983. See Complaint at 1-2. Adeniji asserts that on April 25, 2011, she was denied entrance to Florida State College Downtown Campus despite the fact that she had her Florida driver's license and a United States Army photo identification card. See id. at 2. She

further alleges that on that same date she was given a trespass order (Trespass Order), and that the Trespass Order continues to be enforced as recently as February 2014. As a result of these actions, Adeniji contends that she has been discriminated against on the basis of her race, color, national origin, and age. See id. at 1. She seeks an order from this Court vacating the Trespass Order and awarding her $2,000,000. See id. at 2.

Notably, Adeniji has filed two previous lawsuits in this Court raising claims related to the events that took place on April 25, 2011, and the Trespass Order. She first filed a complaint on May 4, 2011. See Adeniji v. Florida State College, et al., Case No. 3:11-cv-443-J-34TEM (Adeniji I). This Court dismissed Adeniji I without prejudice on May 14, 2012. See Adeniji I, Order, Dkt. No. 44 at 2-3. Adeniji appealed the dismissal to the Eleventh Circuit Court of Appeals.[1] On September 20, 2012, the Eleventh Circuit denied Adeniji's request to pursue her appeal in forma pauperis, see Order Denying Motion to Proceed In Forma Pauperis, No. 12-12747-D, and on December 21, 2012, the Court of Appeals dismissed the appeal for failure to prosecute, see Entry of Dismissal, No. 12-12747-D.

Adeniji filed a second lawsuit on April 8, 2013, again alleging the same cause of action as she did in Adeniji I. See Adeniji v. Florida State College, et al., Case No. 3:13-cv-361-J-34JRK (Adeniji II). On December 3, 2013, this Court dismissed the action with prejudice. See Adeniji II, Order, Dkt. No. 40. In doing so, the Court found that the claims set forth in the Adeniji II complaint were barred by the doctrine res judicata. See id. at 1-3.

---

[1] The appeal was docketed as Case No. 12-12747-D.

In the instant Complaint, Adeniji for the third time alleges claims of discrimination stemming from the April 25, 2011 Trespass Order and its continued enforcement. Defendant Florida State College removed the action to this Court on March 5, 2014, see Notice of Removal (Dkt. No. 1), and then filed the Motion. In the Motion, Florida State College urges this Court to dismiss Adeniji's Complaint as it fails to state a claim upon which relief can be granted. Florida State College further requests that the Court award it the attorney's fees and costs incurred in defending this action, and enjoin Adeniji from filing any future lawsuits against it. See Motion at 1. In the Response, Adeniji does not actually address Florida State College's arguments, instead she restates the allegations of her Complaint

## II.     Standard of Review

In ruling on a motion to dismiss, brought pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002).  In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Thompson v. RelationServe Media, Inc., 610 F.3d 628, 631 n.5 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 129 S. Ct. at 1949, 1951. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th

Cir. 2011)[2](quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)(internal citation omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010)).

### III. Analysis

In the Motion, Florida State College, argues that this action should be dismissed because it is apparent from the face of the Complaint that Adeniji cannot state a claim because all of her claims are barred by the doctrine of res judicata. See Motion at 5 (quoting Horne v. Potter, 392 F. App'x 800, 801 (11th Cir. 2010)).  In support of this contention, Florida State College provides copies of relevant pleadings from both Adeniji I and Adeniji II.  In light of Florida State College's reliance on these documents, the Court first examines whether they are properly considered in this motion seeking dismissal under Rule 12(b)(6).  While a court is ordinarily limited to the allegations of a plaintiff's complaint, the district court may consider an extrinsic document in ruling on a motion to dismiss if the document is "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged.'" Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1379 (11th Cir. 2010)(quoting SFM Holdings, Ltd. v. Banc of Am. Secs., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010)).  Additionally, a court may take judicial notice of and consider documents attached to a motion to dismiss or response, which are public records that are "central" to a plaintiff's claims, without converting the motion to dismiss into a motion for summary

---

[2] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

judgment. This is so, as long as such documents are "public records that [are] 'not subject to reasonable dispute' because they [are] 'capable of accurate and ready determination by resort to sources whose accuracy [can] not reasonably be questioned.'" Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010)(quoting Fed. R. Evid. 201(b)). Moreover, "a court may take notice of another court's order . . . for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).

Adeniji does not dispute the fact that the proffered documents are accurate public records, nor does she dispute that the Court should take judicial notice of the documents. See Fed. R. Evid. 201(b). Thus, the Court takes judicial notice of the documents that were filed in Adeniji I and Adeniji II which are "central" to plaintiff's claims, SFM Holdings, 600 F.3d at 1337, because such documents are in the public record, capable of accurate and ready determination, and not reasonably questioned. See Horne, 392 F. App'x at 802 (holding that district court properly took judicial notice of documents in plaintiff's first discrimination case and affirming dismissal of the complaint based on res judicata); Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53-54 (11th Cir. 2006)(district court could take judicial notice of complaint filed in the Southern District of New York without converting motion to dismiss into a motion for summary judgment); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1279-80 (11th Cir. 1999)(court at motion to dismiss stage was authorized to take judicial notice of relevant public record documents required to be filed with the SEC); Redner v. Citrus County, Fla., 919 F.2d 646, 651 n.14 (11th Cir. 1990)(in considering the applicability of Younger v. Harris, 401 U.S. 37 (1971)("Younger

abstention"), court would take judicial notice of outcome of state criminal proceedings); Sergeon v. Home Loan Center, Inc., No. 3:09-CV-01113-J-32JBT, 2010 WL 5662930, at *1 n.5 (M.D. Fla. Oct. 26, 2010)(court took judicial notice of state court public records in determining whether Younger abstention applied), adopted, 2011 WL 308176 (M.D. Fla. Jan. 27, 2011); Hammond v. Anderson, No. 8:10-CV-1557-T-30EAJ, 2010 WL 2836716, at *2 n.1 (M.D. Fla. July 19, 2010)(court takes judicial notice of state court clerk's Internet website to determine that state court proceedings are currently pending in considering applicability of Younger abstention); York v. Hoskins, No. 8:08-cv-106-T-24TGW, 2008 WL 784999, at *2 (M.D. Fla. March 20, 2008)(in finding Younger abstention applies, court takes judicial notice of state court clerk's online docket which shows that state criminal proceeding is pending).

Next, the Court turns to Defendant's substantive argument - that Adeniji's claims are barred by res judicata. The doctrine of res judicata bars the litigation of claims that were raised or could have been raised in an earlier proceeding. See Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). The Eleventh Circuit Court of Appeals has explained that res judicata is a judicially created doctrine, the purpose of which is to provide finality and conserve judicial resources. See Eastman Kodak Co. v. Atlanta Retail, Inc., 456 F.3d 1277, 1284 (11th Cir. 2006).[3] For res judicata to warrant dismissal of an action, four elements must be present:

(1) there is a final judgment on the merits; (2) the decision was rendered by

---

[3] A Federal Court must apply federal law to determine the preclusive effect of a prior federal action or judgment. Taylor v. Sturgell, 553 U.S. 880, 891 (2008).

> a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.

Ragsdale, 193 F.3d at 1238.

All of the requirements of res judicata are satisfied here. In Adeniji I, this Court and the Eleventh Circuit Court of Appeals were courts of competent jurisdiction, and entered dismissal orders which operated as final judgments on the merits. Additionally, in Adeniji II, this Court was also a court of competent jurisdiction, and entered a dismissal with prejudice, a second final judgment on the merits. See Rule 41(b).[4] Additionally, in this action Adeniji again sues Florida State College, the same Defendant named in Adeniji I and Adeniji II. Further, she alleges claims based upon the same facts which she alleged in Adeniji I and Adeniji II. In Adeniji I, Adeniji complained that on April 25, 2011, a security guard at Florida State College's Downtown Campus denied her entry to the campus in violation of the Civil Rights Act of 1964. Adeniji I, Dkt. No. 22 at 2-3. She contended that Florida State College discriminated against her and denied her equal protection of the law based on race, sex, religion, national origin, and/or color. Id. at 3-4. In Adeniji II, Adeniji alleged more claims of discrimination arising from the same April 25, 2011 Trespass Order. Adeniji II, Dkt. No. 1. Finally, in the current Complaint, Adeniji again alleges claims arising from the April 25, 2011 Trespass Order. Indeed, in all three complaints, Adeniji asserts claims of discrimination arising from the April 25, 2011 Trespass Order, seeks damages stemming from it and its enforcement, and seeks to vacate the Trespass Order. Compare

---

[4] Pursuant to Rule 41(b), "a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits."

8

Adeniji I, Dkt. No. 22 with Adeniji II, Dkt. No. 1, and with Complaint.

With regard to the fourth and final element of res judicata - whether the same cause of action is involved in the current and prior lawsuit(s) - the Eleventh Circuit has explained that "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." Citibank v. Data Lease Financial Corp., 904 F.2d 1498, 1503 (11th Cir. 1990); see also Ragsdale, 193 F.3d at 1239. Looking at the factual predicate of Adeniji's claims, it is apparent that this action presents the same claim or cause of action which she pursued in Adeniji I and Adeniji II. While Adeniji's allegation concerning the February 2014 enforcement of the April 2011 Trespass Order is new to this action, the claim is predicated on the alleged invalidity of the April 25, 2011 Trespass Order. As such, the February 2014 enforcement is part of the same cause of action as the previous claims raised in Adeniji I and Adeniji II. The current action is therefore barred by the doctrine of res judicata, and due to be dismissed.

In addition to seeking dismissal of this action, in the Motion, Florida State College requests that this Court award it fees and costs incurred in its defense and also that the Court enjoin Adeniji from filing any future lawsuits against it. See Motion at 1. As Florida State College fails to provide any substantive argument or any authority in support of these requests, they are due to be denied.

According, it is hereby **ORDERED:**

1. Defendant Florida State College's Motion to Dismiss Plaintiff's Complaint (Dkt. No. 4) is **GRANTED, in part, and DENIED, in part**.

    A. The Motion is **GRANTED** to the extent that this Court dismisses this action for failure to state a claim upon which relief can be granted.

    B. The Motion is **DENIED** to the extent that Defendant seeks attorney's fees and costs and an injunction prohibiting Adeniji from filing future lawsuits.[5]

2. This case is **DISMISSED**.

3. The Clerk of the Court is directed to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of October, 2014.

*[Signature]*
**MARCIA MORALES HOWARD**
United States District Judge

Copies to:

Counsel of Record

Pro Se Parties

---

[5] Although the Court denies Defendant's request at this time, Plaintiff is cautioned that if she continues to file the same claim, she may find herself being ordered to pay attorney's fees and/or costs in the future.

10